## W. P. WALTERS v. STATE.

No. A-7026. Opinion Filed Jan. 4, 1930.
(283 Pac. 1033.)

430

Crowe & Crowe, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Garfield county on a charge of having possession of eight barrels of mash, and his punishment fixed at a fine of $50 and confinement in the county jail for 30 days.

The evidence of the state is that the officers visited the premises of the defendant with a search warrant, and, upon accosting the defendant, he denied that there was any liquor or mash upon his premises.   Upon a search, however, the officers found eight barrels of mash down on the creek bank buried under about a foot of earth and covered over with brush and trash.   At the time the mash was uncovered the defendant said: "Well, that's all there is on here," and later said it had been on the place about a week; that the Popp boys came and offered him $5 a barrel to set some mash on his place; that a day or two after the Popp boys left he got to hunting around, and found the mash, but made no report of it to the officers. The fact that the mash was found on the premises of the defendant, and that he knew it was there, together with the other circumstances in the case, were sufficient to justify the jury in finding the defendant guilty.   The jury were not bound to believe the defendant's explanation that the mash belonged to other parties who had tried to bribe

him to permit them to set it on his place, and they evidently did not do so, since they found him guilty.

The defendant next contends that the court erred in orally advising the jury. The record discloses that the jury returned in court and inquired of the court if a less penalty could be fixed than 30 days and $50.

"Thereupon the court gave to the jury the following oral instruction: Gentlemen of the jury, you are again instructed that the minimum penalty in this case is a fine of $50.00 and thirty days in the county jail, and the maximum penalty is six months in the county jail and a fine of $500. The verdict of the jury in this matter is final. It cannot be remitted by the court or the judge of the court; it can only go through the regular channels of the Board of Pardons of the State of Oklahoma.

"By Mr. Crowe: Exception to the remarks of the court, and that the instructions are oral instead of in writing."

In the case of Bird v. State, 22 Okla. Cr. 263, 210 Pac. 925, in paragraph 2 of the syllabus, this court said:

"If oral explanations by the court are made which do not materially alter the written instructions, and which have no tendency to confuse the jury, the verdict should not be disturbed."

The oral instruction complained of did not materially alter the written instructions, and had no tendency to confuse the jury, and the giving of the same was not reversible error.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.