Charles G. BAKER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13183.

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1963.

John B. Doolin, Alva, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Charles G. Baker, defendant below, was charged with the Crime of Reckless Driving, found guilty by jury and assessed a fine of $100 and costs by the County Court of Alfalfa County, from which judgment, defendant has perfected a timely appeal.

From the record, it appears that about 2:15 P.M. on the 21st day of February, 1961, the defendant, while driving, struck the rear of another car at the intersection of U. S. Highway 64 in the City of Cherokee, Alfalfa County, Oklahoma, and that he was arrested at the scene of the accident.

In seeking reversal on appeal, defendant contends that the Court's Instruction #3 was erroneous, in that it constituted a variance from the information and charge which was material in nature and prejudicial to the substantial rights of the defendant. No objection was interposed by defendant to the instruction now complained of, which reads:

"You are further instructed that the statutes of the State of Oklahoma, in-

sofar as same pertains to the case on trial before you at this time, provide:

" 'It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard for the safety of persons or property or in violation of the conditions outlined in paragraph (a) * *.

" 'Paragraph (2) provides that any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.

" 'Every person convicted of reckless driving shall be punished upon a first conviction by imprisonment for a period of not less than five (5) days nor more than ninety (90) days, or by fine of not less than Twenty Five Dollars ($25.00) nor more than Five Hundred Dollars ($500.00) or by both such fine and imprisonment.' "

Defendant alleges he was charged under the Oklahoma Reckless Driving Statute (Title 47 O.S.A.1961, 121.3, paragraph k) which provides as follows:

"It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard for the safety of persons or property or in violation of the conditions outlined in paragraph (a).

"Every person convicted of reckless driving shall be punished upon a first conviction by imprisonment for a period of not less than five (5) days nor more than ninety (90) days, or by fine of not less than Twenty-five Dollars ($25.00) nor more than Five Hundred Dollars ($500.00), or by both such fine and imprisonment * * *."

■ Although citing no authorities, defendant argues that the information did not include the offense charged by Instruction #3, supra. With this contention we cannot agree. The standard for sufficiency of an instruction and the requisites for same have been repeatedly stated by this Court and are exemplified in Stokes v. State, 86 Okl.Cr. 21, 189 P.2d 424, 190 P.2d 838:

"The instructions of the court should conform to the charge in the information and the defense interposed and to the testimony in the case." See, also, Shepherd v. State, 51 Okl.Cr. 209, 300 P. 421 and Barfield v. State, 71 Okl.Cr. 195, 110 P.2d 316.

■ In the case at bar, the defendant was charged with the Crime of Reckless Driving, the jury was instructed upon said charge and the governing statute, Title 47 OSA § 121.3, supra, and therefore, we hold this assignment of error to be without merit.

■■ It is the defendant's next contention that the verdict and judgment of the court was contrary to law and evidence. However, the record of the trial court does not support this contention. The jury returned a verdict finding the defendant guilty as charged and leaving the punishment to the discretion of the Court. Thereupon, the court imposed a judgment assessing a fine of $100.00 and costs, and imposing no jail sentence. The punishment for Reckless Driving as stated under Title 47 § 121.3 is "imprisonment for a period of not less than five (5) days nor more than ninety (90) days, or by fine of not less than Twenty-five Dollars ($25.00) nor more THAN Five Hundred Dollars ($500.00), or by both such fine and imprisonment". This Court has repeatedly held that the weighing of evidence in arriving at a verdict is within the province of the jury (Hudson v. State, Okl.Cr., 374 P.2d 923) and further, that unless we can conscientiously say that the judgment of the trial court was so excessive as to shock the conscience of this

Court, the jury's verdict will be upheld. (McCluskey v. State, Okl.Cr., 372 P.2d 623.)

Considering the rules above cited, we find this assignment of error without merit.

Defendant contends in his appeal that the trial court committed reversible error "in giving oral additional instructions after the summation and argument of the attorneys for the State and defendant". The record reveals the following: (CM 93)

"BY THE COURT:

"Ladies and Gentlemen of the Jury, the Court has read you the instructions as it pertains to the law in this case. If it were the law in the State of Oklahoma that an arresting officer must inform the defendant of his rights to counsel, this Court would have so instructed you. I say that only because the question has been argued in this Court. The law that pertains to this case, to the best of this Court's knowledge, is included in these instructions.

"BY MR. DOOLIN: To which the Defendant objects * * *

"BY THE COURT: Objection is overruled.

"BY MR. DOLLIN: Please note our exception."

 A study of the instructions as a whole indicate that the accused in the instant case was not prejudiced by the court's statements to the jury, and although we frown on the giving of any statement by the court and have held that instructions should be in writing, we are of the opinion that the above quoted statement is an "explanation", and therefore, we will abide by the rule as set forth in Coatney v. State, Okl.Cr., 2 P.2d 604:

"Where oral explanations by the court are made which do not materially alter the written instructions, and which have no tendence to confuse the jury, the verdict will not be disturbed." See also, Walters v. State, 45 Okl.Cr. 429, 283 P. 1033 and Bird v. State, 22 Okl. Cr. 263, 210 P. 925.

In his brief, defendant also contends that the "argumentative manner in which the court ruled on the objections of the defendant" constituted error. However, a careful examination of the record does not support this contention, and we are of the opinion that the same is without merit.

As his last assignment of error, defendant urges that the trial court erred in "allowing the State to proceed upon a ground, theory or alleged crime not included properly in the charge contained in the information".

As a basis for this allegation, defendant cites testimony regarding the state of alleged intoxication of the defendant at the time of the accident.

The arrest sheet, incorporated in the record, indicates the defendant was cited for drunk driving. However, the information, filed on February 21, 1961, charges the defendant with the crime of Reckless Driving, and under such information defendant was tried. Testimony on the matter of intoxication was introduced into the proceedings by defense counsel in his cross-examination of the state's witness, Police Chief Delmar Coppock, who wrote the accident report.

"(By Mr. Doolin)

"Q. At the time you placed him under arrest what statement did you make to him when placing him under arrest.

"A. He was under arrest for driving while drinking."

 From the record it is readily seen that the error of which the defendant complains on appeal was invited. The Court of Criminal Appeals has held:

"The counsel for accused may not invite error in examination of State's witnesses and then complain of the error which is made." Logan v. State, 95 Okl.Cr. 76, 239 P.2d 1044.

We therefore find defendant's contention to be without merit.

Upon review of the record before us, and for the reasons above set forth, the judgment and sentence of the trial court is hereby, affirmed.

NIX and BRETT, JJ., concur.