Roy Lee PYLES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15717.

Court of Criminal Appeals of Oklahoma.

March 24, 1971.

Rehearing Denied April 30, 1971.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Marvin E. Spears, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

Roy Lee Pyles, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County of the offense of Burglary in the Second Degree After Former Conviction of a Felony, his punishment fixed at a term of not less than fifteen years nor more than forty-five years imprisonment, and from that judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that on Sunday, August 17, 1969, the Business Builder's Building in Tulsa was broken into. Frank Wood, the owner, testified that he had checked the building about noon to ascertain that the doors were secure. He was called to the scene about 2:00 P.M. that afternoon and discovered the whole glass in the front door had been knocked out. A further check revealed that someone had tried to force the back overhead door open, another back door had been attempted to be forced open and a back window had been broken out. He testified that there was personal property in the building including vending machines.

Officer Bales testified concerning the taking of pictures of the premises.

Officer Wimberly testified he was driving an unmarked police car when he noticed a man walk hurriedly away from the front of the premises and that the window in the front door had been broken. He entered the building through the broken window. He heard footsteps toward the back of the building and saw a subject running and heard glass breaking. The officer proceeded outside of the building and observed the subject jump from the window. As he was apprehending this subject he observed the defendant inside

the building. He pointed his revolver and ordered the defendant to halt. The defendant backed away from the window and was next observed near the front entrance running south. The officer took pursuit and apprehended the defendant.

Fay Humphrey testified for the defense that she, the defendant, his brother and another person had been drinking heavily for some time. They were walking by the building when the defendant's brother broke the glass to the front door. The defendant said he was going to go back and get his brother. She admitted numerous convictions for public intoxication.

■ The defendant's first proposition contends that he was denied a fair trial by the prejudicial statement of the arresting officer with reference to narcotics. Officer Wimberly was asked on cross examination if the defendant was under the influence of anything. He answered affirmatively (T.35). On re-direct examination the prosecuting attorney asked what did he appear to be under the influence of. The witness answered: "I was unable to detect any alcoholic beverage so I would say possibly narcotics." The defendant's attorney objected because the officer was not qualified whereupon the trial court stated: "He is not qualified but you let him answer the question. He has testified that he has been on the police force for some sixteen years, before this line of questioning can be pursued, he should be qualified." (T.36)

On re-cross examination the defense attorney asked the following question, "he was under the influence of something, wasn't he?" Whereupon the officer answered "I think so." (T.37)

It is readily apparent from the record that the line of questioning was initiated by the defendant and continued even after the trial court admonition. This court has consistently held that a defendant may not invite error in examination of the state's witness and then complain of the error which is made. Baker v. State, Okl. Cr., 378 P.2d 785. We further observe

that the theory of the defense was that the defendant was so intoxicated that he was incapable of forming a criminal intent. We, therefore, find this proposition to be without merit.

■ The defendant's second proposition contends that the trial court erred in giving "good time credits" instruction. This proposition is well taken. Williams v. State, Okl.Cr., 461 P.2d 997. We held that the giving of such instruction is error but where the instruction was given after a determination of the defendant's guilt, it does not constitute reversible error.

The third proposition contends that the evidence is insufficient to support the verdict in that there is no evidence of a breaking and entering by the defendant. This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518. We, therefore, find this proposition to be without merit.

■ The fourth proposition asserts that the trial court erred in not granting a new trial on grounds of newly discovered evidence. The defendant called the jailor in support of the motion who testified that the defendant was "loop-legged drunk" one day after the alleged burglary. This Court has held the granting of a new trial on the ground of newly discovered testimony is a matter largely within the trial court's discretion and is not to be exercised except where there is rea-

sonable probability that, if such evidence had been introduced, different results would have been reached. Walters v. State, Okl.Cr., 403 P.2d 267.

We are of the opinion that the trial court did not abuse its discretion in overruling defendant's motion for new trial. There was evidence introduced by both parties that the defendant was under the influence of something and that the newly discovered evidence would not affect the eventual finding of guilt. The complained instruction was as follows:

" 'You are instructed that evidence has been offered to show flight by the defendant shortly after the commission of the crime alleged against him in the information. If you find from the evidence, that defendant did at some time flee from the place of the alleged burglary and that such flight was induced by his apprehension of being charged with a public offense by reason thereof, this is a circumstance to be considered by you in connection with all the other evidence to aid you in determining the question of the guilt or innocence of the defendant.' "

This Court has previously approved the giving of identical instruction in the case of Ward v. State, Okl.Cr., 444 P.2d 255. We find this proposition to be without merit.

■ The final proposition contends that the punishment is excessive. In view of the giving of the "good time credits" instruction, we are of the opinion that the punishment is excessive and therefore in the interest of justice the judgment and sentence is modified to an indeterminate term of not less than ten years nor more than thirty years and as so modified is affirmed.

Modified and affirmed.