William S. SESSIONS, a/k/a Bill Sessions, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16105.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1972.

Kenneth W. Lackey, Eufaula, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

William S. Sessions, a/k/a Bill Sessions, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of McIntosh County, Oklahoma, for the offense of Carrying a Firearm, After Former Conviction of a Felony; his punishment was fixed at one (1) year imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Homer Cowan testified that he was the Chief of Police of Eufaula, Oklahoma, and had been for some fifteen years. He and Deputy Kirkpatrick had a warrant for the defendant's arrest and arrested the defendant the afternoon of November 21, 1969, in front of the Ford Garage in Eufaula. Upon arresting the defendant, Chief Cowan searched his person and found a .38 caliber Colt pistol in his left inside coat pocket. The weapon contained three loaded bullets. Both officers testified they have been acquainted with the defendant for a number of years and knew the defendant as Bill Sessions.

Charles Peterson testified that he was the Court Clerk of McIntosh County. He identified State's Exhibits Four and Five, which were certified copies of judgment and sentence in which Bill Sessions entered pleas of guilty in McIntosh County to two charges of Assault With Intent to Kill on January 21, 1953.

Prior to hearing the State's evidence, the defendant made a tender of proof to the trial judge outside of the jury's hearing to the effect that at the time of his arrest he was delivering the gun to Keith Burnham. The trial court declined the tender, ruling that it would not be proper to tender testimony before a jury. The defendant did not testify at the trial, nor was any evidence offered in his behalf.

The first proposition asserts that:

"The Court erred in the admission of the evidence of a prior conviction of Bill Sessions, when the defendant was filed against William S. Sessions, without independent proof [sic] of the fact that it is one and the same person."

In Williams v. State, Okl.Cr., 364 P.2d 702, we stated:

"There are two distinct lines of authority in regard to the effect to be given to identity of name as evidence of identity of person. One view is that mere proof of identity of name is not sufficient to establish identity of persons. Another view and the one which we believe to be the better view is that the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and in the absence of rebutting testimony, supports a finding of such identity. * * This will leave the question of identity to be determined by the jury upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission. * * *

"We do think that the better practice is (and should be followed whenever at all possible) to establish identity with efficiency and diligence whenever the same is not rendered impossible by extenuating circumstances."

In the instant case we observe that the defendant was a long time resident of McIntosh County and was generally known as "Bill Sessions." The defendant was charged in the amended Information as William S. Sessions, a/k/a Bill Sessions. We are of the opinion that, considering all surrounding facts and circumstances, the similarity of the names was sufficient to warrant submitting the questions of identity to be determined by the jury under proper instructions.

■ The second proposition contends that the Assistant District Attorney made improper statements in his closing argument to the jury. This proposition is well taken. The Record reflects that the trial court did not originally instruct the jury concerning the presumption of the similarity of the names. The gist of defendant's closing argument was that the State did not prove that William S. Sessions and Bill Sessions were one and the same person. Thereupon, the Assistant District Attorney stated:

"The law relative to proof of the identical name and this is a good example of it—. [Objection overruled]

" * * *

"Is that where the same name on the conviction—judgment and sentence is the same name as the defendant then there is a presumption especially where it is a local person and a local court they are one and the same person—. [Objection. The Court then gives an oral instruction which we will discuss more fully.]

" * * *

"Now, I want you to notice something on these Judgments and Sentences—the Judge was W. A. Lackey, a very, very elderly person now; Roy Hunter is dead; of course, we still have the sheriff, C. F. Douglas. Now, I want you to think back—this happened in 1953—you people that have been here quite a while just think about this; I want you to

guess who the County Attorney was—. [Objection overruled]

" * * *

"And don't you believe that if I was defendant a man who wasn't the one convicted of these that I wouldn't get up and say something before now about it; I would say that ain't the man; I would stop the wheels of justice before it got this far—*that is the man*—that is Bill Sessions; his full legal name is William S. Sessions according to the testimony you heard from this court—." (Emphasis added. Tr. 37–39)

The Assistant District Attorney further stated that:

"I tell you one of you people are going to be picked out among yourselves as a foreman, whoever you are which ever one has that responsibility, you decide Mr. Sessions ought not to be punished for this I want you to—you are in effect giving him this gun back; you are putting the gun right back in his possession and I will tell you something else while you are at it he would also be entitled to get these bullets back and I submit to you I want you to take this gun and these bullets and Exhibits into the jury room with you, you are entitled to do that and if you return a verdict of not guilty just shove the bullets back in and hand it back to Mr. Sessions, because that is exactly what you are doing—." (Tr. 42)

We are of the opinion that the Assistant District Attorney went outside the Record as to both the law and the evidence. We observe that the statement to the jury, that if they find him not guilty, they should shove the bullets back into the weapon and hand it back to the defendant, was made for no other purpose but to prejudice the jury.

■ The next proposition asserts that the court erred in giving oral instructions to the jury relating to legal presumption of the identity of the defendant, prior to submission of case to jury without request from the jury for additional instructions or

explanations of written instructions, and over the objections of the defendant. The Record reflects that the trial court did not originally instruct the jury as to legal presumption of the identity of the defendant. The defendant in his closing statement argued that the State had the burden of proving this element beyond a reasonable doubt and the proof was totally silent. It was previously discussed in Proposition Two that the Assistant District Attorney attempted to inform the jury as to the law of presumption of identity. The trial court thereupon stopped the argument of the Assistant District Attorney and gave the jury an additional oral instruction, to-wit:

"I want to give you this additional instruction, Ladies and Gentlemen, based upon the case of Haughey v. State, (364 P.2d 702) rendered September 14th, 1968, and another case Baker v. State, page 2077, the Journal, October 21st, 1967, 'Proof of identity shown solely by a certified copy of Judgment and by proof of name is prima facie evidence—Exceptions allowed in giving that instruction.' " (Tr. 38)

In Baker v. State, Okl.Cr., 378 P.2d 785, we stated:

"A study of the instructions as a whole indicate that the accused in the instant case was not prejudiced by the court's statements to the jury, and although we frown on the giving of any statement by the court and have held that instructions should be in writing, we are of·the opinion that the above quoted statement is an 'explanation', and therefore, we will abide by the rule as set forth in Coatney v. State, 52 Okl.Cr. 300, 2 P.2d 604:

'Where oral explanations by the court are made which do not materially alter the written instructions, and which have· no tendence [sic] to confuse the jury, the verdict will not be disturbed.' See also, Walters v. State, 45 Okl.Cr. 429, 283 P. 1033 and Bird v. State, 22 Okl.Cr. 263, 210 P. 925."

We are of the opinion that the court's oral instruction materially altered the written instruction in that the entire gist of the defendant's closing statement was that the State failed to prove that the defendant was the person who had a prior conviction. We next observe that the oral instruction was given at such a time that the defendant had no further opportunity to explain or comment on it as part of his closing argument. We lastly observe that the instruction should have been more detailed giving the jury guidelines to consider all the surrounding facts and circumstances such as continence or unusualness of name, character of the former crime or crimes and the place of its commission.

■■■ The final proposition contends that "the Court erred in excluding the tendered evidence showing that the defendant had the gun in his possession for the purpose of delivering same to a prospective purchaser, i. e., a lawful purpose." Defendant's tendered offer of proof that was refused by the trial court was that he was in the process of delivering the gun in question from his home to Farmers· and Merchants Bank of Eufaula as part of the sale thereof to Keith Burnham. Although we do not concur with the defendant's contention that such evidence constituted a lawful purpose, we are of the opinion that the same should have been admitted by the trial court in mitigation of punishment. It is not necessary that the State prove that the defendant had possession of the gun with a specific intent to go to do an unlawful act but rather the State must prove that the defendant had a previous conviction of a felony and that the defendant carried on his person the pistol. In State v. Wheeler, 195 Kan. 184, 403 P.2d 1015, the court stated:

"* * * However, the statute in question (K.S.A. 21–2611) does not require intent as a prerequisite for its application. It merely requires that the accused have a *previous conviction* for certain specified offenses among which is grand larceny and *ownership, possession* or control of a pistol having a barrel less than twelve inches long." (Emphasis added)

In conclusion we observe that because of the improper argument of the Assistant District Attorney and the giving of the oral instruction, the cause must be remanded for a new trial. Reversed and remanded.

SIMMS, J., concurs.

BRETT, J., concurs in results.