Grady Eugene RODGERS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17434.

Court of Criminal Appeals of Oklahoma.

May 24, 1973.

Frank R. Courbois, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Grady Eugene Rodgers, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–71–1978, for the crime of Attempted Robbery by Force or Fear, After a Former Conviction of a Felony. He was sentenced to serve a term of twenty-two (22) years in the State Penitentiary, in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

Briefly stated the facts are as follows: On the evening of August 26, 1971, Phillip Weaver, the night manager of a beer distributing firm, was alone in his office in Oklahoma City. Weaver's job was to collect the day's receipts from the truck drivers, put them into money bags and place the bags in one of several safes in the building. Weaver testified that at approximately 8:00 p. m., there was one money bag left in his office. The top of the safe was about four inches above the floor and the money bag resting there was clearly visible from the room. There was no testimony indicating whether or not there was any money in the bag at this time.

About 8:00 p. m. Weaver noticed through a mirror what appeared to be two women at the front outside door of the building. He pressed a buzzer in his office which opened this front door, letting the two callers into the building. When the visitors appeared at the inner door leading to his office, Weaver told them to come inside. Immediately upon entering Weaver's office, one of the visitors started spraying Weaver with a mace-like substance and a fight ensued. Weaver testified that he did not hear the assailants utter a single word before or during the attack. Weaver screamed for help and soon two drivers grabbed one of the attackers,

later identified as the defendant, and subdued him near the outer door. The second assailant escaped.

Weaver had been knocked unconscious for a time and when he awoke, he found two women's wigs, a purse, and some other items on the floor of his office. A money bag was found lying on the hall floor near the door to Weaver's office, which previously had been resting on the floor safe in Weaver's office. Neither Weaver nor any other witness could testify as to how the money bag got outside the office door, however, all of the State's witnesses testified they did not move the money bag to its final resting place.

Defendant did not take the stand or offer any evidence in his behalf.

 The defendant's first proposition asserts that the evidence was insufficient to support the verdict of attempted robbery by force or fear.

The essential elements of an attempt to commit robbery, as with an attempt to commit other crimes, are set out in the case of State v. Thomason, 23 Okl.Cr. 104, 212 P. 1026 (1923) where this Court held in the second paragraph of the Syllabus:

"An 'attempt to commit a crime' consists of the intent to commit the crime, the performance of some act towards its commission, commonly called an 'overt act,' and the failure to complete or consummate the crime."

Also, see the case of Nemecek v. State, 72 Okl.Cr. 195, 114 P.2d 492 (1941).

In commenting on the intent to commit a crime, this Court in the case of Andrews v. State, Okl.Cr., 455 P.2d 741 (1969) in quoting from 22 C.J.S. Criminal Law § 33 stated:

"The intent to commit crime may be implied from established facts. Moreover, the accused is presumed to know and to intend what he does.

"and following § 34, provides:

"An unlawful or criminal intent may be presumed from the commission of a

criminal act. The presumption may be rebutted by the accused."

We believe that there was sufficient, competent evidence, although circumstantial, from which the jury could reasonably infer the intent to rob. We therefore find no merit in this proposition.

The defendant's second proposition asserts the trial court erred in failing to instruct the jury on the lesser included offense of assault and battery.

■ The defendant contends that the evidence clearly indicates that he was guilty of an assault and battery and that the court should have instructed the jury on the lesser included offenses of assault and battery. We do not agree.

In the instant case the defendant did not take the stand nor offer any evidence in his behalf and after a careful review of the State's evidence and the trial court's instruction, we are of the opinion that the evidence does not support a lesser included offense of assault and battery as suggested by the defendant. Further, we find no error in the trial court's instructions.

■ The defendant under his third proposition of error asserts that it was error for the trial court to give oral, unwritten instruction to the jury after it had begun its deliberations.

During the second stage of the proceedings after the jury began deliberating as to the punishment, a note was sent to the judge with the following question:

"Is there a minimum time a man must serve before being considered for a parole, if so, what is it?"

The judge then called the jury back into the courtroom and the following record was made:

"THE COURT: Record may show the Defendant is present and by counsel and the Jury is all present. The record may also show that the Jury handed a written note to the Bailiff which was brought to me folded—the Bailiff did not see it— and that I then, in privacy with two counsels, showed them the note and, re-

alizing I had to answer it, I had you brought into the courtroom because I would never communicate with you in that juryroom nor would I send you a note into that juryroom. When I talk to you, it's in this courtroom. But, your question is, is there a minimum time a man must serve before being considered for parole, if so, what is it.

"Now, if that question were asked at the first stage of this proceeding when you were determining guilt or innocence, I would have been very unhappy about you sending the note out, but, since you are considering punishment, I'm not so unhappy about it. But, I'll say this, that, in the first place, I don't know; in the second place, this is you and I—you as the Jury and I as the Judge—and counsel here on both sides are part of the judicial system of the state. That third branch of the government known as the judiciary. Pardon and parole is a matter of the executive branch of the government, and, this, in my judgment, is not a proper question for me to answer even if I could because I deem it not to be a proper item for your consideration except so much as you want to talk it over among yourselves and reach what you think is a just verdict. . ."

We are of the opinion that the above oral statement made by the Court in response to the note from the jury was in the form of an oral explanation. In the case of Baker v. State, Okl.Cr., 378 P.2d 785 (1963), this Court held in Syllabus 3:

"When oral explanations are made by the court which do not materially alter the written instructions, and which have no tendency to confuse the jury, the verdict will not be disturbed."

We are of the opinion that the above oral explanation made by the trial court in the instant case did not prejudice the defendant nor did it confuse the jury. We therefore find no merit in this proposition.

The defendant's fifth proposition asserts the judgment and sentence as imposed was improper.

On imposing judgment and sentence, the trial court made the following statement:

"You are sentenced to be confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, for a period of twenty-two years at hard labor."

 The defendant contends the trial court did not have the power to sentence him to imprisonment at "hard labor." We believe the "hard labor" portion of this sentence is mere surplusage and has no effect on the sentence imposed upon the defendant.

Under defendant's fourth proposition he contends that the closing argument of the prosecuting attorney was prejudicial, inflammatory and improper.

The defendant contends that it was improper for the prosecuting attorney during the closing argument to comment that the defendant had not contradicted the State's testimony. We do not agree. In the case of Montgomery v. State, Okl.Cr., 447 P.2d 469 (1968) this Court held in the third paragraph of the Syllabus:

"Statements of the prosecuting attorney, in argument to the jury, 'why couldn't they contradict the state's testimony, but not one place do they do that,' and, 'I say again there is no evidence offered to contradict the state's evidence in this case' held not a comment upon the failure of the defendant to testify as a witness in his own behalf."

The defendant further contends that the prosecuting attorney in arguing to the jury made other prejudicial and inflammatory and improper remarks. We have carefully reviewed the prosecuting attorney's argument and alleged improper remarks and believe that justice would best be served by modifying the judgment and sentence to a term of fifteen (15) years imprisonment.

We are therefore of the opinion that the judgment and sentence as modified should be, and the same is hereby, affirmed as modified.

BRETT and BUSSEY, JJ., concur.