STATE of Iowa, Appellee,

v.

Charles MORGAN, Appellant.

No. 66674.

Supreme Court of Iowa.

July 21, 1982.

Francis C. Hoyt, Jr., Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and William E. Davis, Scott County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS, and LARSON, JJ.

UHLENHOPP, Justice.

This appeal involves the "all or nothing" rule regarding submission of included offenses to the jury.

Rule 6(3) of the rules of criminal procedure states:

In cases where the public offense charged may include some lesser offense it is the duty of the trial court to instruct the jury, not only as to the public offense charged but as to all lesser offenses of which the accused might be found guilty under the indictment and upon the evidence adduced, even though such instructions have not been requested.

Rule 21(3) states:

Upon trial of an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense when such attempt is prohibited by law. In all cases, the defendant may be found guilty of an offense the commission of which is necessarily included in that with which the defendant is charged.

In this case defendant Charles Morgan was charged with second-degree robbery under section 711.1(1), The Code 1981:

A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:

1. Commits an assault upon another.

. . . .

At trial the prosecuting witness testified that Morgan and another individual attacked him and took his wallet, and a second State's witness gave identification testimony. Morgan testified that he had never seen the prosecuting witness until the trial and that he did not remember the incident. Morgan's mother gave alibi testimony.

In submitting the case to the jury, the trial court submitted the elements of robbery based on assault but, over Morgan's protest, refused to submit assault as an included offense. The jury found Morgan guilty as charged. He appealed, raising the included offense issue.

■ Whether a crime is an included offense involves the legal test (the lesser offense must be legally included in the greater offense) and the factual test (the lesser offense must also be factually included under the evidence in the particular case). *State v. Johnson*, 291 N.W.2d 6, 7 (Iowa 1980). The State acknowledges that the legal test was met here. It argues, however, that under the facts the jury was properly limited to finding Morgan guilty of second-degree robbery as the prosecuting witness testified or not guilty at all as Morgan and his witness testified. Morgan contends that the jury could disbelieve part of the State's evidence and find him guilty of assault only.

The case involves a head-on collision between two legal principles. Our examination of the authorities persuades us that while Morgan has a persuasive argument, the State has the law on its side.

I. One firmly-grounded general principle in our jurisprudence is that by pleading not guilty, a defendant places all the elements of the charge in issue. This court stated in *State v. Chismore*, 184 Iowa 677, 683, 169 N.W. 50, 52 (1918):

The defendant did not testify as a witness in his own behalf, and therefore, as a witness, did not deny the deed; but assuredly he did not admit it. His plea of not guilty cast the burden on the state to prove every essential element of the alleged crime. No single fact put in evidence by the state is to be taken as true simply because it is not disputed upon the witness stand.

*See also State v. Lamar*, 210 N.W.2d 600, 604 (Iowa 1973) (failure to controvert witness' testimony does not elevate it to a verity); *State v. Triplett*, 248 Iowa 339, 346, 79 N.W.2d 391, 395–96 (1956), *cert. denied*, 357 U.S. 217, 78 S.Ct. 1358, 2 L.Ed.2d 1361 (1958); 1 *Wharton's Criminal Evidence* § 13, at 20 (13th ed. C. Torcia 1972).

■ A defendant can, of course, eliminate an element of the crime from issue by unequivocally admitting it as a witness. *State v. Shepard*, 247 Iowa 258, 266, 73 N.W.2d 69, 74 (1955), *rev'd on other grounds, State v. Jensen*, 189 N.W.2d 919 (Iowa 1971). That exception is not applicable here; defendant did not admit any of the elements.

Under the general principle, a reasonable argument can be made that even where the defendant does not cross-examine the State's witnesses or introduce any evidence of his own, when the major crime contains elements A, B, and C the jury has the right not to believe the evidence on element A, reducing the crime to an included offense consisting of elements B and C.

■ II. That however is not the way the law of included offenses developed. The principle that a not guilty plea controverts all elements is not strictly applied when courts come to applying the factual test of included offenses. In the included offense setting the courts apply a principle that when the major offense consists of

elements A, B, and C, the lesser offense consists of elements B and C, *and the record does not contain substantial evidence from some quarter controverting element A*, the State's case stands or falls on the major offense. As stated with particular reference to robbery in 4 *Wharton's Criminal Procedure* § 545, at 30–31 (12th ed. C. Torcia 1976), "If the evidence, in a prosecution for robbery or assault with intent to rob, warrants a conviction for the offense charged, but there is no evidence apart from the robbery evidence which would warrant a conviction for assault and battery, or the evidence indicates that if the defendant is guilty at all he is guilty of only the greater offense, an instruction on the lesser offense need not be given."

■ Our own decisions and the decisions generally so hold. *State v. Conner*, 241 N.W.2d 447, 461 (Iowa 1976) ("We have often held the evidence must justify the submission of an included offense.... Under the only theory of murder submitted to the jury here, defendant could *under the evidence* only be found guilty of first-degree murder or acquitted." (Emphasis added.)); *State v. Franklin*, 163 N.W.2d 437, 440 (Iowa 1968) ("Trial court, in refusing to instruct on offenses of a lesser nature than robbery found, the only evidence presented reveals a robbery occurred, a gun was used, and defendant is guilty of robbery with aggravation, or robbery, or is not guilty of any offense. We agree."); *State v. Merrill*, 242 Iowa 1156, 1159, 49 N.W.2d 547, 549 (1951) (same question and result: "This Court construes [the included offense] statute to mean that the instruction as to the grade or degree of crime should be justified by the evidence."). Decisions elsewhere include *Lynn v. State*, 380 So.2d 366, 367 (Ala.Cr.App.1980) ("Under the evidence the defendant was guilty of robbery or he was innocent; either the jury believed the victim's testimony or they accepted the defendant's alibi defense. Consequently, the trial judge properly refused to give the defendant's requested charges on assault and battery, attempted robbery and grand larceny, as the evidence did not warrant a finding of guilt as to any lesser included or

related offense."); *People v. Salas*, 77 Cal. App.3d 600, 607, 143 Cal.Rptr. 755, 759 (1978) ("As previously indicated, robbery includes the lesser offense of simple assault. However, there is no obligation to instruct on a lesser included offense when there is no evidence that the offense committed was less than that charged."); *Matthews v. State*, 310 A.2d 645, 646 (Del.1973) (rule applied to crimes of kidnapping and assault); *Marable v. State*, 154 Ga.App. 115, 116, 267 S.E.2d 837, 838 (1980) ("When the evidence shows without contradiction that if the defendant intentionally caused physical harm to the victim (by wounding him with a pistol) the act constituted aggravated assault, simple battery is not involved as an included offense. Where the *uncontradicted* evidence shows completion of the greater offense, the charge on the lesser offense is not required." (Emphasis added.)); *Roddy v. State*, Ind.App., 394 N.E.2d 1098, 1113 (1979); *State v. Gagnon*, 379 A.2d 395, 397–98 (Me.1977) ("The preliminary question is whether, on the facts of this record, a rational jury could have determined that the appellant was guilty of assaulting the robbery victim but not guilty of the robbery itself. As we view the evidence, such a conclusion could only be reached by absolutely ignoring the uncontradicted testimony of the State's witnesses, since no defense evidence was offered."); *State v. Mullen*, 47 N.C.App. 667, 669, 267 S.E.2d 564, 565 (1980) ("The court should charge on a lesser included offense only when there is evidence of that offense. *The contention that the jury might accept the State's evidence in part and reject it in part is not sufficient.*" (Emphasis added.)); *Rodgers v. State*, 510 P.2d 992, 994 (Okl.Cr. App.1973); *Bolin v. State*, 219 Tenn. 4, 14, 405 S.W.2d 768, 773 (1966); *Guss v. Commonwealth*, 217 Va. 13, 15, 225 S.E.2d 196, 197 (1976) ("Even though the jury might entirely reject [the Commonwealth's] uncontradicted evidence and choose to acquit the defendant of robbery, it could not rationally find him guilty of the lesser crime of assault and battery because it would be unreasonable for the jury to accept only

part of the evidence while rejecting the remainder. Under the facts here, the defendant was either guilty of robbery, or no offense at all."). *See also* 67 Am.Jur.2d *Robbery* § 73 (1973); 77 C.J.S. *Robbery* § 49(c)(7) (1952); *Annot.*, 58 A.L.R.2d 808 (1958).

Illustrative of substantial evidentiary controversion of the additional element which elevates the crime to the major offense are *State v. Donelson*, 302 N.W.2d 125, 134–35 (Iowa 1981) (defendant as witness denied he had sexual contact with victim); *State v. Cuevas*, 282 N.W.2d 74, 78 (Iowa 1979) ("While unlikely, the jury could have found defendant shot Weeks during a burglary without finding the shooting was intentional."); *State v. Millspaugh*, 257 N.W.2d 513, 516 (Iowa 1977) (defendant testified gun discharged accidentally); *State v. Pilcher*, 158 N.W.2d 631, 633, 635 (Iowa 1968) ("*There is dispute about some of the above facts* but we state them in the manner most favorable to the State for the purpose of this appeal.... *The evidence in the case now before us* required that all three be submitted to the jury." (Emphasis added.)).

The present record does not contain substantial evidence controverting any of the elements which elevate this crime from assault to robbery. The trial court was correct in refusing to submit the crime of assault for jury consideration.

AFFIRMED.