STATE of Iowa, Appellee,

v.

Daniel Curtis HARLOW, Appellant.

No. 66193.

Supreme Court of Iowa.

Oct. 27, 1982.

William J. Pattinson of Hegland, Newbrough, Johnston, Brewer & Maddux, Ames, for appellant.

Thomas J. Miller, Atty. Gen., Teresa Baustian, Asst. Atty. Gen., and Mary E. Richards, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, HARRIS and LARSON, JJ.

LeGRAND, Justice.

Defendant was charged by county attorney's information with burglary in violation of Iowa Code section 713.3. On appeal, the Iowa Court of Appeals affirmed the judgment imposed following his conviction. We granted further review. Finding no reversible error, we affirm the judgment.

Defendant raises two issues. First, he asserts the trial court erred in refusing to submit criminal trespass, Iowa Code section 716.7, as an included offense of burglary. Second, he claims the court of appeals erred in finding he had failed to preserve error concerning the admissibility of evidence relating to defendant's prior felony conviction.

## I. *The Included Offense.*

In *State v. Wales*, 325 N.W.2d 87 (Iowa 1982), filed today, we faced the same problem which confronts us here. Based on what we said there, we hold the present case meets the legal test for holding criminal trespass (Iowa Code section 716.7) is an included offense of burglary (Iowa Code section 713.1) as here alleged. *See also State v. Sangster*, 299 N.W.2d 661 (Iowa 1980). It does not, however, pass the second or factual test. There was no evidence to warrant submitting criminal trespass as an included offense.

The record shows four young men, including defendant, planned to break into the Good Oil Company to commit a theft. There is evidence to support a finding that this purpose was accomplished, and one of the principals so testified. Defendant was a witness in his own behalf. He denied any participation in the event. He said he was in on the planning of the crime but abandoned the project before it took place. He agreed the plan was to break in the oil company to steal soft drinks stored there. There is no evidence that the break-in was for purposes other than theft. Under *State v. Morgan*, 322 N.W.2d 68 (Iowa 1982), defendant was guilty of burglary or he was guilty of nothing.

*Morgan* holds there must be evidence which would justify a jury in finding a defendant had committed a lesser offense before that issue should be submitted along with the major crime. The rule permitting a fact-finder to believe all, some, or none of the evidence does not apply in included offense settings. In *Morgan* we referred to this as the "all or nothing" rule and explained at length the rationale for, and the authorities supporting, the principle. We adopt that language here.

We believe *Morgan* controls the present case. If there was a burglary as the jury found, it was with the intent to commit theft. Therefore, the trial court was right in refusing to instruct on criminal trespass.

## II. *Defendant's Prior Felony.*

Defendant had been convicted of theft in violation of Iowa Code section 714.-1(2), less than one year before his trial on the present charge. Defendant filed a motion in limine designed to prohibit the State from cross-examining him about this prior crime. After an evidentiary hearing out of the presence of the jury, the trial court overruled the motion in limine. There was no objection when defendant was questioned about this matter at trial. The court of appeals held this failure to object when the evidence was received amounted to a waiver. *State v. Langley*, 265 N.W.2d 718 (Iowa 1978) and *State v. Garrett*, 183 N.W.2d 652 (Iowa 1971). The general rule as announced in *Garrett* and followed in *Langley* is that the granting or rejecting of a motion in limine is not reversible error. The error occurs, if at all, when the matter is presented at trial. An objection should then be made in order to preserve error. *Langley*, 265 N.W.2d at 720, *Garrett*, 183 N.W.2d at 654.

We have recognized an exception to this rule, however, and have said a defendant need not renew his objections at trial if the prior ruling amounts to an unequivocal holding concerning the issue raised. *State v. Mark*, 286 N.W.2d 396, 410 (Iowa 1979); *State v. O'Connell*, 275 N.W.2d 197, 202 (Iowa 1979); *State v. Miller*, 229 N.W.2d 762, 768 (Iowa 1975).

The circumstances present here bring the case within the exception to the general rule. A hearing was held, counsel presented legal arguments, and the trial court ruled the evidence would be received. Under *O'Connell* and *Miller*, there was no necessity of further objection to preserve error, and the court of appeals erred in

holding otherwise. The error, however, was without prejudice because the trial court ruling was correct.

Defendant relies on *State v. Martin*, 217 N.W.2d 536, 542 (Iowa 1974). The *Martin* case stands for the proposition that evidence of a prior felony conviction is admissible for impeachment purposes only if (1) the prior felony involved dishonesty or false statement and (2) the judge determines any danger of unfair prejudice does not substantially outweigh the probative value of the prior felony conviction, taking into account "such factors as (a) nature of the conviction, (b) its bearing on veracity, (c) its age, and (d) its propensity to improperly influence the minds of the jurors."

■ Defendant's prior conviction was for theft committed about one year before the offense involved in the present appeal. Theft involves dishonesty, *State v. Connor*, 241 N.W.2d 447, 455 (Iowa 1976), thus satisfying the first of the *Martin* requirements. Defendant argues the two felony charges are so similar that the danger of unfair prejudice outweighed the probative value of the evidence. The trial judge, after stating he had taken all the factors set out in *Martin* into consideration, ruled otherwise. Defendant's objection is without merit.

Finding no reversible error, we affirm the judgment of the Iowa Court of Appeals.

AFFIRMED.