**Hosien KALELL, Appellant,**

v.

**Rodney R. PETERSEN and Betty J. Petersen, Appellees.**

**No. 92–475.**

Court of Appeals of Iowa.

Feb. 2, 1993.

**414**

Robert D. Houghton and Douglas R. Oelschlaeger of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellant.

Brad J. Brady of Crawford, Sullivan, Read, Roemerman & Brady, P.C., Cedar Rapids, for appellees.

Heard by DONIELSON, P.J., and SACKETT, J., and KEEFE, Senior Judge.*

KEEFE, Senior Judge.

On June 15, 1987, Rodney Petersen began the process of removing a limb from a tree in his back yard. He tied a rope onto the limb and fastened the other end of the rope to his truck. While Petersen was pulling on the limb, Hosien Kalell entered Petersen's backyard unannounced and grabbed the rope that connected the limb to the truck. Thereafter, a portion of the limb broke loose from the tree and struck Kalell in the head.

Within minutes, Kalell was taken to the hospital. He developed a blood clot in his brain. Dr. James LaMorgese performed brain surgery upon Kalell to remove the blood clot. Kalell remained in the hospital until July 25, 1987. Dr. LaMorgese released him to return to work on December 1, 1987.

At the time of the accident, Kalell was sixty years old. He was employed as a manufacturer's representative for Kar Products. His net income from this employment was about $575 per month. Kalell testified that he planned to work until age seventy.

On December 17, 1987, Kalell filed suit against Rodney and Betty Petersen. Kalell alleged that, as a result of the Petersens' negligence in taking down the tree limb, he suffered permanent physical impairments and disabilities. The district court directed a verdict for Betty Petersen, and she is not a party to this appeal. After trial, the jury entered a verdict which assessed fifty percent of the fault to each party. Kalell's damages were found to be $59,856.41. He was thus awarded fifty percent of that amount, $29,928.21. After the district court entered judgment on the jury's verdict, Kalell filed a motion for new

* Senior Judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

trial on the issue of damages. The district court overruled the motion. Kalell now appeals.

Kalell contends that the trial court abused its discretion in two areas: (1) in overruling his motion for new trial on the ground the award of damages was insufficient and inadequate; and (2) in overruling his motion in limine to exclude evidence of his prior marriage dissolutions, bankruptcies, late filing of tax returns and expenditures of money on items other than medical charges or prosthetic devices. The court will consider these in the reverse order.

## I. Motion in Limine.

Prior to trial Kalell filed a motion in limine addressing the four types of evidence mentioned above. The motion also addressed a fifth type of evidence concerning an Act of God. This motion was resisted by defendant. A hearing was held by the trial judge. The judge originally stated he would reserve ruling on prior dissolutions and bankruptcies until the evidence developed. He overruled the motion as it pertained to filing of late tax returns, other expenditures of money, and Act of God. Kalell's attorney insisted on receiving a clear ruling so he would know how to handle voir dire and his opening statement. The trial judge then stated he would make a clear-cut ruling and denied the entire motion.

In the case of *Shawhan v. Polk County,* the supreme court stated:

> Plaintiffs objected to this evidence, raising the issues of whether it was relevant, *see* Iowa R.Evid. 401, 402, and if so whether its probative value was outweighed by the potential for unfair prejudice if allowed, *see* Iowa R.Evid. 403. We must decide whether the trial court abused its discretion in admitting this evidence and, if it did err, whether substantial rights of the plaintiffs were affected, *see* Iowa R.Evid. 103(a).
>
> Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R.Evid. 401. However, even relevant evidence is not admissible "if its probative value is substantially outweighed by the danger of unfair prejudice." Iowa R.Evid. 403. Issues of relevancy and prejudice are matters normally left to the discretion of the trial court; we reverse the trial court only when we find, a clear abuse of that discretion.

420 N.W.2d 808, 809 (Iowa 1988).

In the trial of this case, every item of damages, except special damages, was hotly contested by Petersen. Kalell's attorney either introduced or did not object to the introduction by Petersen of items covered by the motion in limine.

The general rule, as stated in *State v. Harlow,* 325 N.W.2d 90, 91 (Iowa 1982), is that the granting or rejecting of a motion in limine is not reversible error. The error occurs, if at all, when the matter is presented at trial. *Id.* An objection should then be made in order to preserve error. *Id.* The court further stated in *Harlow:*

> We have recognized an exception to this rule, however, and have said a defendant need not renew his objections at trial if the prior ruling amounts to an unequivocal holding concerning the issue raised.

*Id. See also Reyes v. Missouri Pacific Railroad Co.,* 589 F.2d 791, 793 (5th Cir. 1979); *Berg v. Des Moines General Hospital Co.,* 456 N.W.2d 173, 177–178 (Iowa 1990).

Apparently no evidence of an Act of God was presented by either party. Thus, this issue is not significant to our determination and will not be considered further by this court.

At trial, Kalell presented evidence about his marriages, bankruptcy, failure to pay child support, and filing of late tax returns—the matters which had been the subject of the motion in limine. Kalell introduced his tax returns for 1978 through 1987 as evidence of lost income and earning capacity. Kalell had not filed any of these returns prior to the accident, but filed them as late returns in 1988.

Petersen argued the fact that the returns were filed late was relevant to the question of the accuracy of the returns. Petersen also argued that the evidence of Kalell's expenditures of money on items other than medical charges related to Kalell's claims that he was unable to participate in social events or enjoy life. During the trial Kalell failed to object to the introduction of evidence concerning any of the matters raised in the motion in limine.

■ We find the evidence comes under the exception in *Harlow* because the trial court made an unequivocal ruling to exclude the evidence. Kalell's introduction of the evidence and failure to object to such evidence was not a waiver of his objections under the motion in limine. But the evidence was also relevant and its probative value substantially outweighed the danger of prejudice against Kalell.

We conclude the trial court did not abuse its discretion in allowing the evidence. We affirm on this issue.

**II. Motion for New Trial.**

■ Kalell next contends the trial court erred by refusing to grant a new trial based on his claims the award of damages was insufficient and inadequate. Again, we review for the trial court's abuse of discretion. *See Kiner v. Reliance Insurance Co.*, 463 N.W.2d 9, 13 (Iowa 1990); Iowa R.App.P. 14(f)(3).

■ The jury found both plaintiff and defendant fifty percent negligent in this case. That issue was not appealed by either party. The jury awarded Kalell $59,-856.41. His medical expenses were $37,-388.14. Therefore, he received $22,468.27 for all elements of damage other than his medical bills. Kalell has not cited any cases where the Iowa courts reversed a verdict awarding that large an amount beyond special damages.

In *Witte v. Vogt*, the supreme court ruled:

An inadequate award merits a new trial as much as an excessive one. We review this question to correct an abuse of discretion. Thus, when the verdict is mani-

festly inadequate, we consider the refusal of the district court to grant a new trial an abuse of discretion that is subject to reversal. The question of whether damages in a particular case are inadequate turns on the particular facts of that case. If uncontroverted facts show that the amount of the verdict bears no reasonable relationship to the loss suffered, the verdict is inadequate.

443 N.W.2d 715, 716 (Iowa 1989) (citations omitted).

Also, in *Cowan v. Flannery*, the court stated:

It is not for us to invade the province of the jury. In fact a verdict will not be set aside or altered unless it is, (1) flagrantly excessive or inadequate; or (2) so out of reason as to shock the conscience or sense of justice; or (3) raises a presumption it is the result of passion, prejudice or other ulterior motives; or (4) is lacking in evidential support.

If the verdict has support in the evidence the others will hardly arise, if it lacks support they may all arise. The real question in most cases, and here, is the amount and sufficiency of evidence to support the award made. Certainly where the verdict is within a reasonable range as indicated by the evidence the courts should not interfere with what is primarily a jury question.

461 N.W.2d 155, 158 (Iowa 1990).

When we apply the principles set out in these cases, we find the trial court did not abuse its discretion in denying the motion for new trial. We find the jury verdict is sufficient and adequate.

One unusual element in this case must be addressed by the court. In Petersen's brief and in Kalell's oral argument to this court, we were informed that Kalell received payments in excess of $100,000 from nonparties to this action before trial. The $100,000 is subject to a right of subrogation by the payor from any award of damages to Kalell. Kalell's attorney argued to this court that we should consider this out-of-court payment as an indication the jury verdict was inadequate. The jury was not informed of these payments and no instruc-

tions were given by the trial court as to their effect. Kalell's attorney admitted during argument that Kalell would have to receive a jury verdict in excess of $200,000 before he would receive any damages himself.

This argument is specious and improper. We will not consider any fact that is not in the trial record in deciding this case.

In summary, we conclude the trial court did not err in overruling plaintiff's motion in limine or allowing the introduction of evidence covered by said motion. Also, the trial court did not err in failing to grant a new trial based on an inadequate and insufficient jury verdict on damages. We affirm the trial court in all respects.

**AFFIRMED.**

DONIELSON, P.J., concurs.

SACKETT, J., specially concurs without opinion.