UNITED STATES of America,
Appellee,

v.

Raymond Nicholas CARTER, Appellant.

No. 71-1107.

United States Court of Appeals,
Eighth Circuit.

Sept. 30, 1971.

David J. Blair, Des Moines, Iowa, for appellant.

Allen L. Donielson, U. S. Atty., Richard J. Barry, Asst. U. S. Atty., Des Moines, Iowa for appellee.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by defendant Raymond Nicholas Carter from his conviction by a jury on each count of a two count indictment. Count I charged unlawful possession of sixty-four money orders having a value in excess of $100 which had been stolen from the Swaledale, Iowa Branch of the First State Bank of Thornton, Iowa, in violation of 18 U.S.C.A. § 2113(c). Count II charged unlawful aiding and abetting in the sale of two stolen money orders having a value in excess of $100 in violation of 18 U.S.C.A. § 2113(c) and § 2. Concurrent sentences of five-years imprisonment were imposed.

Defendant urges that he is entitled to a new trial because highly prejudicial evidence of a prior conviction inadvertently crept into the trial. Police-

man Garvey, who arrested defendant, appeared as a government witness. Probable cause for the arrest is not challenged. Officer Garvey, after testifying that he found and seized sixty-two stolen blank money orders at the time of the arrest in the car in which defendant was riding, was asked, "Did you find anything else on Mr. Carter's side of the Rambler?" The witness responded: "I did find on the ground a billfold and within the billfold there was a Social Security card under the name of Harold Nelson, but also a prison parole-type card with the picture of the defendant and the name Raymond Carter."

No motion to strike the testimony or motion for mistrial was made. No request was made for an instruction directing the jury to disregard the testimony. Error in receiving testimony such as this is not open for review on appeal unless a proper foundation in the form of a motion to strike, motion for mistrial or request for a cautionary instruction is laid in the trial court. United States v. Cable, 8 Cir., 446 F.2d 1007 (1971); Petschl v. United States, 8 Cir., 369 F.2d 769, 773. To hold otherwise would permit a defendant to take a chance with the jury and hold a claimed error in reserve for use in case of a conviction. Such a course would lead to an undue waste of the time of the court, the witnesses, the jury and the parties in instances where a mistrial is warranted.

The plain error rule, Rule 52(b) Fed. R.Crim.P., is of course available to defendant. Clearly no plain error has here been established. Defendant is represented by competent counsel. Counsel stated he refrained from making a record on the challenged testimony on the basis that the parole card testimony was obscure and rapidly passed over and that motions or objections would only serve to emphasize the testimony. Counsel followed a legitimate trial strategy. See United States v. Christian, 8 Cir., 427 F.2d 1299, 1302. Counsel would be right in assuming that there

was little chance for success on a motion for mistrial on the present record and that making such a motion would only serve to emphasize the objectionable testimony. It is satisfactorily established that the reference to the parole card by the officer was inadvertent and in no way anticipated by the prosecutor. No additional reference was made to the parole card during the course of the trial in argument or otherwise.

Defendant first challenged the reception of the parole card testimony in his motion for a new trial. The motion was overruled, the court stating:

"[T]he introduction and admission of evidence relating to the defendant's previous criminal convictions through officer Garvey's testimony of finding a parole card in the defendant's billfold was not prejudicial and was harmless error."

The government has made out a strong case of guilt. We are convinced, as was the trial court, that the brief and inadvertent reference to the parole card constituted harmless error. See United States v. Christian, supra; Frohmann v. United States, 8 Cir., 380 F.2d 832, 834–835; Evenson v. United States, 8 Cir., 316 F.2d 94, 95. The court did not abuse its discretion in denying the motion for new trial.

Defendant made timely motions for acquittal on Count II which were overruled. Count II is based on two stolen money orders each of which was filled in for $75 subsequent to the theft. The checks were identified as Exhibits 1 and 2. Both exhibits were offered in evidence. Exhibit 1 was received; the record does not affirmatively show that Exhibit 2 was received.

Defendant contends that he is entitled to an acquittal on Count II because the government has failed to establish the $100 value element of the offense charged. Such contention lacks merit. There is oral evidence to support the jury verdict on the issue of attempting to pass each of the two $75 checks. There is adequate evidence to support a

finding that the stolen blank money orders subsequently filled in had a value in excess of $100. United States v. Johnson, 8 Cir., 442 F.2d 318 (1971); Churder v. United States, 8 Cir., 387 F.2d 825, 833. No exception was taken to the court's instructions on the value issue.

Affirmed.