**STATE of Iowa, Appellee,**

v.

**Ellis Franklin DAVIS, Appellant.**

**No. 58476.**

Supreme Court of Iowa.

April 14, 1976.

Paul B. Rosene, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Dorothy L. Kelley, Asst. Atty. Gen., and Zigmund Chwirka, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

The issue in this appeal is whether a prosecution witness' cross-examination testimony, which allegedly violated a ruling on a pre-trial limine motion, requires reversal in absence of any trial objection or motion.

Defendant was tried on a charge of robbery with aggravation, arising out of a Sioux City store holdup. Following his conviction of the included offense of robbery without aggravation he was sentenced to serve not to exceed ten years in the Iowa State Penitentiary at Fort Madison.

As the result of a pre-trial motion the State was admonished not to refer to any evidence of defendant's prior convictions. Trial court directed counsel for both State and defense to instruct their witnesses so there would be no inadvertent statements made in the jury's presence.

Officer Frisbie was the prosecution's first witness. He described defendant's arrest and initial interrogation, concluding, "And at that time he stated he was not going to answer any more questions or cop out to anything without the presence of an attorney * * *."

The following cross-examination by defendant's counsel concerning defendant's "cop-out" statement then ensued:

"Q. Was there some questioning resulted that prompted him to make the statement? A. Well, I don't know what prompted him. Maybe there's a possibility one of the statements that was made prior, when I said he stated he would not cop out; if something like that prompted him, I guess you could say that would be true.

Q. I'm sorry. I didn't understand what you said. A. Well, I have stated all the things that had been stated, with the exception of there was a few other things he stated I don't feel I could go into without fear of—

Q. All right. If you don't want to testify to them, I won't force you to. A. It's not that. I'll testify to it, if it's okay by the Judge; but it was in reference to

prior things he had been involved in, and I don't think it has anything to do with this case. But in direct relation to your question, there was nothing I could have said that would have prompted this, because, as I stated, Officer White was doing the interrogation, Sir."

Defendant never objected, moved for an appropriate jury admonition or instruction, made motion for mistrial, or used the above incident as grounds for motion for directed verdict.

■ I. No one disputes the principle undergirding defendant's motion in limine: it is well established that, with certain exceptions not relevant here, evidence of other offenses and prior trouble with the law is inadmissible in a criminal prosecution. *Michelson v. United States,* 335 U.S. 469, 475–476, 69 S.Ct. 213, 218, 93 L.Ed. 168, 173–174 (1948); *United States v. Hines,* 470 F.2d 225, 226–227 (3 Cir. 1972), cert. denied, 410 U.S. 968, 93 S.Ct. 1452, 35 L.Ed.2d 703 (1973); *State v. Johnson,* 222 N.W.2d 483, 488 (Iowa 1974); *State v. Martin,* 217 N.W.2d 536 (Iowa 1974).

We need not reach the issues whether Frisbie's reference to "prior things he [defendant] had been involved in" violated the above principle or the court's prior ruling, or whether defendant's damage from the statement, if any, was self-inflicted and therefore unavailable as ground for reversal.

■ II. The controlling question here is whether defendant, having obtained a favorable ruling on his motion in limine, could preserve "error" without affording trial court an opportunity to rule further following Frisbie's cross-examination response. Starting with the premise this court in nonequity matters constitutes a court for correction of errors at law, Constitution of Iowa, Art. 5, § 4, we find it significant the only ruling trial court made was in defendant's favor.

In *State v. Miller,* 229 N.W.2d 762, 768 (Iowa 1975) we said, "[W]here a motion in limine is resolved in such a way it is beyond question whether or not the challenged evidence will be admitted during trial, there is no reason to voice objection at such time during trial." However, in *Miller,* the limine motion was overruled and in so ruling trial court plainly stated what testimony the State would be permitted to introduce on defendant's prior felony convictions.

Also to be distinguished is the situation in which the motion in limine is granted on hearing which is evidentiary in nature, the court is completely apprised of the factual situation, and nothing occurs at trial to change the posture of the parties. See *Gustafson v. Iowa Power & Light Company,* 183 N.W.2d 212, 214 (Iowa 1971). While we have said in such a situation no "subsequent record" is required, *State v. Garrett,* 183 N.W.2d 652, 654 (Iowa 1971), it should be observed in these exceptional cases the ruling specifically and with finality excludes certain prejudicial evidence and there is no subsequent planned or inadvertent injection of such evidence into the record (i. e., an occurrence at trial which changes "the posture of the parties") which would require further action by the party claiming to be prejudiced. See *Twyford v. Weber,* 220 N.W.2d 919, 923–924 (Iowa 1974).

We have consistently said the primary purpose of a motion in limine is to avoid disclosing to the jury prejudicial matters *which may compel declaring a mistrial. Twyford v. Weber,* supra, 220 N.W.2d at 923; *State v. Hinsey,* 200 N.W.2d 810, 817 (Iowa 1972); *State v. Johnson,* 183 N.W.2d 194, 197 (Iowa 1971). Assuming, arguendo, Frisbie's cross-examination testimony fell within the prohibition of the limine motion ruling, we hold defendant was obligated to afford trial court an opportunity to act. Here something occurred at trial to change the "posture of the parties", *Garrett,* supra. Still pursuing the same dubious assumption, an objection favorably ruled on followed by a jury admonition may have left no "remaining prejudicial effect", *State v. Jensen,* 216 N.W.2d 369, 374 (Iowa 1974); *State v. Peterson,* 189 N.W.2d 891, 896 (Iowa 1971). As a final resort, a successful motion for mistrial would have prevented the additional time and money expended in trial court

and on appeal. And an unfavorable ruling on either the objection or motion (still making the same assumption) would have provided a definitive erroneous ruling from which to appeal.

But as we have already noted, defendant made no objection, requested no jury admonition or instruction, and offered no mistrial motion. His motion to direct verdict made no mention of this "error" now asserted. We hold he complains too late and preserved no error for review.

To hold otherwise would permit a defendant to take a chance with the jury, holding a claimed error in reserve in case of conviction. Such a course of action where a mistrial is warranted, would lead to a waste of time for the court, witnesses, and parties. See *United States v. Carter,* 448 F.2d 1245, 1246 (8 Cir. 1971), cert. denied, 405 U.S. 929, 92 S.Ct. 981, 30 L.Ed.2d 802 (1972); *State v. Dahlstrom,* 224 N.W.2d 443, 449 (Iowa 1974).

AFFIRMED.