STATE of Iowa, Plaintiff-Appellee,

v.

Leonard A. BUCKLIN,
Defendant-Appellant.

No. 64488.

Court of Appeals of Iowa.

Feb. 24, 1981.

Rick L. Olson, of Baird, Bowers & Oliver, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, and Kathy Krewer, Asst. Atty. Gen. of Iowa, for plaintiff-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

SNELL, Judge.

Defendant, Leonard A. Bucklin, appeals his conviction for robbery in the first degree in violation of sections 711.1 and 711.2, The Code 1979. We affirm.

Before trial defendant filed a motion in limine requesting that, in the event defendant testified, the State should be prohibited from inquiring whether he had ever been convicted of a prior felony. Defendant's ground for the motion was that evidence of his sole prior felony conviction is inadmissible under *State v. Martin*, 217 N.W.2d 536 (Iowa 1974). The trial court ruled that the State was entitled to impeach defendant with evidence of the commission of the prior felony. On November 2, 1979, a jury found defendant guilty of robbery in the first degree, and defendant was thereafter sentenced to a period of incarceration not to exceed twenty-five years. On November 8, 1979, defendant filed a motion for new trial based on the objections made at trial, which was denied.

Our scope of review is limited to the correction of errors at law. Iowa R.App.P. 4.

■ The following testimony was permitted at trial over defendant's objection.

Q. Mr. Bucklin, you have been convicted of a felony before, haven't you.

.... [Objection made and overruled.]

A. Yes, I have.

Q. How many times?

A. One time.

*State v. Martin* holds that for the purpose of attacking the credibility of any witness, evidence that he has been previously convicted of a felony is admissible only if the felony involves dishonesty or a false statement, and the judge determines any danger of unfair prejudice does not substantially outweigh the probative value of such prior felony conviction. Defendant contends the trial court erred in allowing the State to elicit this testimony, because the State introduced no evidence that it was a felony conviction. Defendant's contention is meritless on its face, since defendant gave an affirmative answer to the question.

■ Defendant's prior conviction was for a 1976 burglary in Florida. At the time of defendant's conviction the State of Florida defined "burglary" as follows:

"Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein....

Fla.Stat.Ann. § 810.02(1) (West). Defendant contends the State presented no evidence that the intended offense underlying defendant's burglary conviction was an offense involving dishonesty or a false statement. The State submitted to the trial court a certified copy of the 1976 Florida judgment rendered against defendant, and that document reflects that the offense underlying defendant's burglary conviction was larceny. The state of Iowa considers larceny to be a crime involving dishonesty. *State v. Miller*, 229 N.W.2d 762, 765–69 (Iowa 1975). The trial court did not err in allowing the State to impeach defendant by eliciting testimony concerning his prior conviction.

■ Defendant further contends the trial court erred in determining that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence of his prior felony conviction. This point, however, was not raised until the motion for a new trial was made. In order to preserve error, objections must be timely and be raised at the earliest time the error becomes apparent. *State v. Reese*, 259 N.W.2d 771, 775 (Iowa 1977). Defendant did not preserve error on this issue.

■ But even on the merits, defendant's contention does not succeed. The jury was not informed of the details of the prior conviction nor was it informed of what offense defendant committed. The jury was entitled to know about defendant's felony conviction in judging his credibility, and the information was supplied in a noninflammatory fashion. The trial court did not abuse its discretion in allowing this evidence.

AFFIRMED.