STATE of Iowa, Appellee,

v.

Richard Allen LATHAM, Appellant.

No. 83–1097.

Supreme Court of Iowa.

April 17, 1985.

Charles L. Harrington, Appellate Defender, and LuAnn White and John P. Messina, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Steven K. Hansen, Asst. Atty. Gen., and Ronald E. Silver, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN, and LARSON, JJ.

McGIVERIN, Justice.

The State of Iowa sought further review of a decision of the court of appeals reversing the conviction of defendant Richard Allen Latham for second-degree theft and remanding the case for a new trial. We vacate the decision of the court of appeals, and affirm defendant's conviction.

On June 15, 1983, defendant was convicted by a jury of second-degree theft of some truck tires from a store in Davenport on March 19 in violation of Iowa Code sections 714.1(1) and 714.2(2) (1983). Before trial, defendant filed a motion in limine, Iowa R.Crim.P. 10(2)(g), to prevent the State from introducing into evidence defendant's eleven-year-old prior conviction in Iowa for armed robbery. In ruling on the motion, the court declared that the State could, for the purpose of impeaching defendant's testimony, ask him whether he had been convicted of a felony, but could not inquire as to the nature of the felony.

However, at trial the prosecutor on cross-examination asked defendant, "Eleven years ago were you convicted of an armed robbery?" Defendant answered, "Yes, sir." Although the question plainly violated the court's ruling on the motion in limine, defendant did not object to the question, move for mistrial, move for an admonition or instruction to the jury, nor move for a new trial because of the question.

Other evidence showed that when police officers arrived at the scene of the alleged crime at 1:30 a.m. they found defendant hiding in an old coal chute in a nearby building where defendant was employed during daylight hours. With regard to this evidence, the jury was given a "concealment instruction" that read as follows:

If you find that one or both of the offenses charged in the Trial Information was committed, and that the defendant Richard Allen Latham concealed himself for the purpose of avoiding or retarding prosecution, then such concealment is a circumstance you may consider in determining the guilt or innocence of this defendant.

The credit and weight, if any, to be given such circumstance is for the jury to determine from a consideration of all of the evidence in the case.

Defendant appealed his conviction contending error occurred in: (1) submission of the concealment instruction to the jury; (2) the State's question about defendant's prior armed robbery conviction; and (3) the trial court's allowing any use of that conviction, even as an unspecified felony, for impeachment purposes. We transferred the case to the court of appeals which found merit in the second and third contentions and reversed and ordered a new trial. We granted the State's application for further review.

I. *The concealment instruction.* Defendant contends that no evidentiary support exists for submission of a concealment instruction. This contention is without merit. Defendant, by his own admission, hid from the police. That evidence was sufficient to justify submission of a concealment instruction. *See State v. Wimbush,* 260 Iowa 1262, 1268, 150 N.W.2d 653, 656 (1967). Although defendant testified that he hid out of fear that the police would shoot him, the jury was not required to believe his testimony as to his motive for hiding. The court of appeals correctly held that submission of the concealment instruction was not error.

II. *The State's question regarding defendant's armed robbery conviction.* As noted above, the trial court ruled that the State could bring out before the jury the fact of defendant's prior felony conviction for the purpose of impeachment, but could not inquire as to the nature of the felony. There is no doubt that the question, "Eleven years ago were you convicted of an armed robbery?", violated the court's ruling. The issue is whether the violation constitutes reversible error. The State maintains that any error caused by the question was not preserved by defendant. We agree.

In *State v. Davis,* 240 N.W.2d 662 (Iowa 1976), we addressed the question of whether testimony that violates a ruling on a motion in limine requires reversal of a conviction in the absence of any objection or motion made by the defendant during the trial to deal with the violation. In *Davis,* a prosecution witness gave an answer during cross-examination which, we assumed *arguendo,* violated the trial court's ruling on a prior motion in limine. The defendant, however, did not take any action at trial regarding the violation. He made no objection, requested no jury instruction or admonition, nor offered any motion for mistrial. We held that no error was preserved. "To hold otherwise would permit a defendant to take a chance with the jury, holding a claimed error in reserve in case of conviction." *Id.* at 664.

We find the rationale of *Davis* to be equally convincing here. Defendant's failure to take any action at trial regarding the prosecutor's question constituted a waiver of any error. The court of appeals erred in holding otherwise.

Defendant also contends that the prosecutor's question constituted misconduct so flagrant that a new trial should be ordered regardless of the failure to preserve error. We disagree.

Under *State v. Willard,* 351 N.W.2d 516, 519 (Iowa 1984), it is permissible, for impeachment purposes, to inquire into the nature of a witness' prior felony conviction as long as that conviction is otherwise admissible in evidence under the principles stated in *State v. Martin,* 217 N.W.2d 536, 542 (Iowa 1974). Because we hold in division III *infra* that defendant's prior felony conviction was admissible under *Martin,* the prosecutor's inquiry as to the nature of that felony was not objectionable.[1] Regardless of his failure to preserve any error, defendant cannot prevail on this issue.

III. *Admissibility of defendant's prior felony conviction.* In ruling on defendant's motion in limine, the trial court held that, although the State could not inquire as to the nature of defendant's prior felony conviction, it could ask him whether he had been convicted of a felony. Defendant contends that this ruling was error because at the time of trial his prior felony conviction had occurred eleven years previously.[2] The State concedes that any error in this ruling was preserved under the principles

---

1. As a general rule, judicial decisions, including overruling decisions, operate both retroactively and prospectively. *Beeck v. S.R. Smith Co.,* 359 N.W.2d 482, 484 (Iowa 1984).

2. The record shows the trial court was informed by counsel for the parties, at the time the court

ruled on defendant's motion in limine, that defendant's prior conviction occurred eleven years previously. In oral argument on appeal, defendant's counsel for the first time contended the conviction was somewhat older.

stated in *State v. Harlow*, 325 N.W.2d 90, 91 (Iowa 1982).

The admissibility of a witness' prior crimes for the purpose of impeachment is now controlled by Iowa Rule of Evidence 609, which went into effect July 1, 1983. At the time of defendant's trial, however, the relevant law was Iowa Code section 622.17 and the judicial interpretation placed thereon by our cases. Section 622.17 reads: "A witness may be interrogated as to his previous conviction for a felony. No other proof is competent, except the record thereof."

In *State v. Martin*, 217 N.W.2d at 542, we stated that evidence of a witness' prior felony conviction was admissible if (1) the felony involved dishonesty or false statement, and (2) the judge determines that any danger of unfair prejudice does not substantially outweigh the probative value of the prior conviction, taking into account such factors as (a) the nature of the conviction, (b) its bearing on veracity, (c) its age, and (d) its propensity to improperly influence the minds of the jurors. The determination of these questions lies within the sound discretion of the trial court. *See State v. Zaehringer*, 325 N.W.2d 754, 755–56 (Iowa 1982).

With respect to the first part of the test, we conclude that armed robbery, the felony of which defendant was previously convicted, encompasses "stealing in an elemental sense," *see State v. Zaehringer*, 325 N.W.2d at 756, and so involves dishonesty within the meaning of *Martin*. With respect to the second part of the test, defendant argues only that the age of his prior conviction (eleven years at the time of trial) requires a conclusion that the trial court abused its discretion in ruling it to be admissible.

We disagree. As *Martin* makes clear, the age of the conviction is only one of several factors to be considered. An eleven-year-old conviction might be deemed remote in time. However, consideration of the nature of the conviction (another factor enumerated in *Martin*) convinces us that

the trial court's discretionary ruling should not be disturbed. *Cf. State v. Miller*, 229 N.W.2d 762, 769–70 (Iowa 1975) (three eleven-year-old felony convictions of larceny admissible in view of a subsequent one only three years old). The trial court did not abuse its discretion in allowing the State to use defendant's felony conviction for impeachment purposes.

We have considered all the contentions advanced by defendant and find them to be without merit. The decision of the court of appeals is vacated. The judgment of conviction of the district court is affirmed.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.