**STATE of Iowa, Appellee,**

v.

**Ronald GRIFFEY, Appellant.**

**No. 89–349.**

Court of Appeals of Iowa.

March 27, 1990.

Alfredo Parrish of Parrish & Kruidenier, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Julie A. Halligan, Asst. Atty. Gen., James Smith, County Atty., and William Thomas, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

Defendant Ronald Griffey appeals from his conviction, following a jury trial, of second-degree murder. We affirm.

Defendant was charged by trial information with first-degree murder, stemming from an incident wherein Russ Ogle was shot during a fight at the "blue lights" area near the Des Moines airport. At trial defendant argued that the shooting was an accident.

I.

The facts of this case which the jury could reasonably find from the evidence are as follows: On Saturday, August 13, 1988, Hans Nissen picked up his friend, Russ Ogle, the victim, around 9:45 p.m. After driving around Des Moines and drinking a few beers, they went to the blue lights area near the Des Moines Airport at somewhere between 11:30 and midnight. Nissen saw his former girlfriend, Danielle Beam, there and stopped his car to talk to her. He was parked near defendant's car. The defendant made several adverse comments about Nissen's car.

Shortly after Nissen and Ogle arrived at the blue lights area, Danielle Beam and the defendant's wife, Jamie Downs, were involved in a fight supposedly because Jamie had been staring at Danielle. Nissen attempted to break up the fight, and it was at this point that defendant grabbed Nissen, ripping his shirt. The two fought for a few minutes until the defendant pulled a gun and pointed it at Nissen's head and

said, "You better get off me right now or I'll blow you away,...."

Nissen did not have a weapon. The gun was placed at his head. Nissen backed off and said they were leaving. The defendant fired one shot into the air and another shot into the ground. There was a subsequent altercation between Jamie and Danielle. Nissen again intervened and attempted to prevent Jamie from hitting Danielle with a baseball bat. The defendant again entered the picture by kicking Ogle in the stomach, and as Ogle bent over, the defendant shot him in the head.

The defendant claimed that he did not intend to kill Russ Ogle and that the gun went off accidentally when the defendant tried to push Ogle and Ogle grabbed the defendant's hand. Two witnesses for the State testified that Ogle's hands were clutching his stomach when he was shot by Griffey. Another witness for the State testified that the type of gun used consistently required eight and one-half pounds of force to pull the trigger and that this was a particularly heavy pull, requiring more pull than most guns.

## II.

Following the State's opening argument, the prosecutor made a motion in limine, requesting the court to preclude defendant from telling the jury that a lay witness would testify that the shooting was an accident. The prosecutor argued that according to a recent, unpublished court of appeals opinion, a witness could not express a lay opinion that a shooting was an accident. Defense counsel argued that the court of appeals decision had been granted further review and that it was impermissible to consider such case as authority.[1] Defense counsel further argued that any restriction on testimony would deprive defendant of a fair trial. The trial court granted the motion in limine only as to the opening argument, reserving the matter until such time as said lay witness was to be examined at trial. The trial court additionally sustained defense counsel's motion in limine to prevent the prosecution from

introducing lay testimony that the shooting was intentional.

During trial the prosecution attempted to introduce evidence of defendant's prior criminal record concerning an unrelated conviction for theft. Defense counsel argued that such information would highly prejudice his client's case. The trial court ruled that such information could be used for impeachment purposes only, and admonished the jury to consider it only for purposes of assessing credibility.

During closing arguments, defense counsel, in a record made in chambers, moved for a mistrial. Defense counsel argued that the prosecutor pointed the alleged murder weapon at the jury and the audience and repeatedly pulled the trigger, thereby inflicting prejudice against defendant in the minds of the jurors. The prosecutor argued that he had a right to rebut defendant's argument the shooting was accidental by demonstrating how the gun was loaded. The prosecutor also argued that his purpose was to show that Griffey had previously fired several shots before the actual shooting, and also to show defendant was familiar with the gun's operation. The trial court denied the motion for mistrial, but cautioned the prosecutor on his actions.

Our scope of review is on errors assigned. Iowa R.App.P. 4.

## III.

■ The first issue we consider is defendant's assertion that the trial court erred in granting the State's motion in limine. The general rule is that "the granting or rejecting of a motion in limine is not reversible error; the error comes, if at all, when the matter is presented at trial and the evidence is then admitted or refused, as the case may be." *State v. Langley*, 265 N.W.2d 718, 720 (Iowa 1978); *see State v. Harlow*, 325 N.W.2d 90, 91 (Iowa 1982). An exception to the general rule exists when the trial court's prior ruling on the subject follows an evidentiary-type hearing and constitutes an unequivocal holding on

---

1. As to this point, we, of course, agree with defense counsel's position.

the disputed issue. *See Langley,* 265 N.W.2d at 720; *Harlow,* 325 N.W.2d at 91.

Here, the trial court sustained the motion in limine only as to the opening statement and stated that the issue would be reexamined, outside the jury's presence, when the witness thought to have such an opinion was called to testify.

■ Prior to sustaining this motion, defense counsel and the prosecutor were afforded the opportunity to argue to the court their respective positions. Because it has significant bearing on the outcome of this case, we set forth a part of the trial court's ruling:

> THE COURT: I'm going to sustain the motion in limine at this time, but only as to the opening argument, *with the understanding that the matter will be reviewed by the Court when that witness that you think would have such an opinion will be questioned outside the presence of the jury, and if a sufficient foundation can be made the Court might review and reverse this ruling on the motion in limine....*

(Emphasis added).

This case falls within the general rule we set forth above; as such, the defendant, to preserve error on this issue, was required to make his record at trial. Defendant failed to make an offer of proof as to the witnesses who observed the shooting and were of the opinion that it was of an accidental nature. We thus conclude that error on this point has not been preserved for review.

### IV.

■ The next issue we consider is whether the trial court erred in admitting evidence of defendant's prior theft conviction. Iowa Rule of Evidence 609(a) provides:

> For the purposes of attacking the credibility of a witness, evidence that the witness has been convicted of a crime involving dishonesty or false statement shall be admitted if elicited from the witness or established by public record during cross-examination, but only if the crime constituted a felony, aggravated misdemeanor, or other crime punishable by imprisonment in excess of one year pursuant to the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect.

Evidence of a prior criminal conviction is admissible if (1) the crime involved dishonesty or false statement, and (2) the trial court determines that any danger of unfair prejudice does not substantially outweigh the probative value of the prior conviction. *See State v. Latham,* 366 N.W.2d 181, 184 (Iowa 1984); *State v. Martin,* 217 N.W.2d 536, 542 (Iowa 1974).

■ The first prong of the aforementioned test is not in dispute in this matter. Instead, defendant argues the trial court abused its discretion permitting introduction of defendant's theft conviction for impeachment purposes. Factors which the trial court may take into account include "(a) the nature of the conviction, (b) its bearing on veracity, (c) its age, and (d) its propensity to improperly influence the minds of the jurors." *Latham,* 366 N.W.2d at 184. We find no abuse of discretion on the part of the trial court in permitting defendant's prior criminal conviction for theft to be used for impeachment purposes. The conviction, for the theft of a tire, was less than five years old. Additionally, it was quite dissimilar to the crime for which defendant was charged and was not of a nature which would shock or inflame the passions of the jury. Finally, the trial court properly instructed the jury that it was only to consider defendant's prior conviction for the purposes of assessing his credibility.

### V.

■ The final issue raised by defendant is whether the trial court erred in denying defendant's motion for mistrial based on prosecutorial misconduct. Closing arguments were not recorded, but our review of the record made in chambers with regard to this issue discloses that the prosecutor denied pointing the pistol toward either the jury or the audience. He did admit demon-

strating how to load the pistol, how the safety mechanism on it worked, and to pulling the trigger.

Under this record, we find no prosecutorial misconduct to have occurred. The pistol was already introduced into evidence and was therefore an exhibit which the prosecutor had a right to display to the jury. *See State v. Pepples*, 250 N.W.2d 390, 396 (Iowa 1977). "This includes the right to use such exhibits demonstratively so long as the demonstration is for illustrative purposes and does not constitute the creation of new evidence." *Id.* While the prosecutor stepped perilously close to the line of prosecutorial misconduct by his actions, we do not believe he stepped over it. As such, we find defendant's argument on this issue to be meritless.

AFFIRMED.