**STATE of Iowa, Plaintiff–Appellee,**

v.

**Jerry Lee MICKENS,
Defendant–Appellant.**

**No. 89–903.**

Court of Appeals of Iowa.

Aug. 30, 1990.

Raymond E. Rogers, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., James A. Smith, County Atty., and Kathleen Deal, Asst. County Atty., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Defendant Jerry Lee Mickens appeals from judgment and sentence, following a jury trial, where he was convicted of theft in the third degree in violation of Iowa Code section 714.2(3) (1989). He questions, on appeal, admission of prior theft conviction and inadequacy of jury instructions. He also challenges the sentencing procedure. We affirm the conviction. We remand for resentencing.

The charge was based on defendant's alleged attempt to steal a men's leather jacket from T.J. Maxx in West Des Moines, Iowa. A customer of the store testified she saw defendant try on the jacket. She turned her head, looked back, and saw defendant was wearing his own coat. She thought defendant had the jacket under his coat because she did not know where the jacket could have gone in the time frame involved.

A security guard for the store testified he saw defendant put his coat on over the jacket and when he confronted defendant, the defendant ran to the front of the store. The guard said he pulled off the coat and jacket, threw them in a cart, and chased defendant outside. Defendant testified in his own behalf, as did a friend who was with him in the store. They both contend defendant tried on the jacket but then took it off.

I.

Defendant first contends it was error to admit evidence of his prior convictions. At trial defendant answered "yes" to his own attorney's question asking if he had been convicted of two felonies. On cross-examination, defendant was asked, without objection, about the prior convictions and he testified they were theft charges. Defendant's attorney introduced the prior crime evidence and failed to object to the question on cross-examination. Consequently, to succeed on this issue it is necessary defendant show his attorney rendered ineffective assistance of counsel. *See Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984). Obviously, defendant's attorney felt the evidence was admissible and took the track he did in an attempt to minimize the impact on defendant's case if the convictions were brought up for the first time on cross-examination.

The first question is, would the evidence have been inadmissible if introduced by the State in cross-examining defendant? Iowa Rule of Evidence 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime involving dishonesty or false statement shall be admitted if elicited from the witness or established by public record during cross-examination, but only if the crime constituted a felony ... and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect.

The correctness of counsel's decision not to challenge this evidence depends upon whether: (1) these convictions are (or were) considered to be crimes involving dishonesty or false statement, and (2) the probative value of the evidence appeared to outweigh its prejudicial effect. Theft crimes encompass stealing in an elemental sense. *State v. Latham*, 366 N.W.2d 181, 184 (Iowa 1985); *see also State v. Zaehringer*, 325 N.W.2d 754, 756 (Iowa 1982). Therefore, they involve dishonesty. *Latham*, 366 N.W.2d at 184; *see also State v. Mar-*

*tin*, 217 N.W.2d 536, 542–43 (Iowa 1974). Trial counsel therefore had a basis to support his belief the evidence would be admissible. *See also State v. Williams*, 315 N.W.2d 45, 53 (Iowa 1982); *State v. Harlow*, 325 N.W.2d 90, 92 (Iowa 1982); *State v. Zaehringer*, 325 N.W.2d 754, 756 (Iowa 1982); *State v. Webb*, 309 N.W.2d 404, 413 (Iowa 1981); *State v. Burt*, 249 N.W.2d 651, 653 (Iowa 1977); *State v. Conner*, 241 N.W.2d 447, 455 (Iowa 1976); *State v. Miller*, 229 N.W.2d 762, 769 (Iowa 1975); *State v. Ruan*, 419 N.W.2d 734, 738 (Iowa App.1987); *State v. Bucklin*, 304 N.W.2d 452, 453 (Iowa App.1981).

The admission of similar evidence has been upheld. *Latham*, 366 N.W.2d at 184, (on error in use of a prior armed robbery conviction in defendant's trial for second-degree theft). We affirm on this issue.

## II.

■ Defendant's second claim is the jury instructions and verdict forms precluded the jury from considering lesser included offenses. Defendant's attorney did not make this objection at trial. To succeed on this issue, defendant must show his attorney breached an essential duty. The marshaling instruction provided:

Before the Defendant, Jerry Mickens, can be found guilty of Theft in the Third Degree as charged in the Trial Information, the State must prove by the evidence beyond a reasonable doubt each of the following elements:

1. That on or about January 18, 1989, the defendant, Jerry Mickens, took possession or control of a leather coat.
2. The defendant did so with the intent to deprive T.J. Maxx of the leather coat.
3. The leather coat, at the time of the taking, belonged to and/or was in the possession of T.J. Maxx.

If the State has proved all of the elements, the defendant is guilty. You must then determine the degree of Theft, as explained to you in Instruction No. 16. If the State has failed to prove any one of the elements, the defendant is not guilty.

The court submitted two verdict forms to the jury. The first verdict form states: "We, the Jury, find the defendant, Jerry Lee Mickens, guilty of Theft in the Third Degree." Below the verdict forms, the court provided a special interrogatory which states:

(Only answer if you have found the defendant guilty of theft above.)

We, the Jury, find the value of the property taken by the defendant to be:

1. Not more than $50. ____
2. More than $50 but not more than $100. ____
3. More than $100 but not more than $500. X
4. More than $500 but not more than $5,000. ____

Defendant contends these instruction, when considered together, denied defendant the opportunity to have the jury consider lesser included offenses.

We do not find, on this record, defendant has made the requisite showing for reversal. First, the issue of the value of the coat was not a contested issue. Secondly, the jury determination as to the amount of the theft is clearly consistent with a finding of third-degree theft. Thirdly, the jury was clearly instructed as to the value necessary to support a finding of theft in all degrees, including the third degree. The jury had to specifically find the value of the property taken by defendant. The jury found the property valued at more than $100 but not more than $500, thus negating an argument a lesser degree of theft could be reached. Fourthly, the instruction was not objected to; thus requiring defendant to make the requisite showing to prove ineffective assistance of counsel. *See Cuevas v. State*, 415 N.W.2d 630, 632 (Iowa 1987). We affirm defendant's conviction.

## III.

■ Defendant's final claim is that he is entitled to resentencing because the trial court did not state any reasons for the sentence it imposed. The State agrees this claim is correct. The trial court did not state reasons for the sentence. The sen-

tencing court is required by Iowa Code section 901.5 (1987) to consider the available sentencing options; and Iowa Rule of Criminal Procedure 22(3)(d) requires the court to state on the record the reason for selecting the particular sentence. The main purpose of the requirement in rule 22(3)(d) that a court state its reasons for a particular sentence is to allow a reviewing court to determine if there has been an abuse of discretion. *State v. Matlock,* 304 N.W.2d 226, 228 (Iowa 1981); *see also State v. McGonigle,* 401 N.W.2d 39, 43 (Iowa 1987); *State v. Luedtke,* 279 N.W.2d 7, 8 (Iowa 1979).

We affirm the conviction and remand for resentencing. We do not retain jurisdiction. Costs on appeal are taxed one-half to the State and one-half to the defendant.

AFFIRMED AND REMANDED FOR RESENTENCING.